Mr. Jeff C. Harper, City Attorney City of Springdale 210 North Spring Street Post Office Box 1208 Springdale, Arkansas 72765
Dear Mr. Harper:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B)(i), for an opinion on whether the custodian's decision to release a number of documents related to a city employee's suspension and subsequent administrative appeal is consistent with the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §25-19-101 — 109 (Repl. 2002 and Supp. 2007). You have attached a copy of the FOIA request made by a local reporter in this regard, which seeks "any documentation of correspondence, including e-mail, regarding the suspension and termination of . . . an employee of the City of Springdale Animal Services." You state by way of background that the "employee involved was given a five-day suspension by her supervisor, and the employee followed the grievance process . . . and appealed the suspension to the Mayor." You state that the Mayor "decided to terminate the employee." Finally, you state the "employee then appealed the Mayor's decision to the Springdale City Council . . . and a grievance hearing was held . . . and the Council reversed the termination, but upheld the five day suspension."
You have enclosed a number of documents for my review. You characterize the first group of records as the "City documents related to the decision to suspend or terminate the employee." You have also enclosed another group of documents, which you characterize as "documents presented to the City Council by the employee at the grievance hearing." You state that it is the custodian's opinion, as well as yours, that both groups of documents should be released under the FOIA, "because all these documents were used by the City Council in making their decision." *Page 2 
RESPONSE
Assuming each of the "employee evaluation or job performance records" you have enclosed indeed "formed a basis" for the suspension of the employee, and assuming there is a "compelling public interest in disclosure," in my opinion the custodian's decision is generally consistent with the FOIA. I must note, however, that the names of certain other employees and one citizen may need to be redacted under A.C.A. § 25-19-105(c)(1); A.C.A. § 25-19-105(b)(12); or the constitutional right to privacy discussed in McCambridge v. City ofLittle Rock, 298 Ark. 219, 766 S.W.2d 909 (1989), respectively. Finally, at least two documents in the second group of records contain the social security number of the suspended employee and should be redacted prior to any release.
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2005). Given that the records pertain to the disciplining and grievance proceeding of a city employee, I believe the documents qualify as "public records" under this definition. As my predecessor noted in Op. Att'y Gen. No. 1999-305, "If records fit within the definition of `public records' . . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law." Id. at 2.
The most pertinent exemption in this instance is the one for "employee evaluation or job performance records. See A.C.A. § 25-19-105(c)(1). Most of the file you have provided with your request comprises "employee evaluation or job performance records" under the FOIA. See Ops. Att'y Gen. 2002-263; 2001-141-2000-166 and 97-063 (classifying employee grievance records as "employee evaluation or job *Page 3 
performance records").[1] "Employee evaluation or job performance records" are releasable only if various conditions have been met. Subsection 25-19-105(c)(1) of the Code provides in pertinent part:
 [A]ll employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure.
In determining whether to withhold the above referenced records, the custodian must determine whether the factual predicates recited in A.C.A. § 25-19-105(c)(1) exist. You have stated that the employee received a final suspension after a completed administrative proceeding. The two remaining factual predicates are that the records "form a basis" for the suspension and that there be a "compelling public interest" in disclosure.
The first determination is one of fact. See Ops. Att'y Gen. 2007-226; 2007-212 (n. 2); and 2006-007. You state that the first group of documents are "all the City documents related to the decision to suspend or terminate the employee." I assume, therefore, that you have made the factual decision that these documents "form[ed] a basis" for the ultimate suspension decision. The second group of documents were presented to the City Council by the employee in the course of the grievance proceeding. You state that the custodian has decided to release these documents because "all these documents were used by the City Council in making their decision." To the extent the custodian has determined as a factual matter, that each of these documents "form[ed] a basis" for the suspension decision (and/or the reversal of the Mayor's termination decision), this prong of the above test has been met.
The final prong of the test requires that there be a "compelling public interest in disclosure." This is also a question of fact that must be determined in light of all the surrounding facts and circumstances. Ops. Att'y Gen. 2007-206; 2006-026; 2005-094; 2005-032; and 2005-011. You have not mentioned this prong of the test in your request. This office has previously noted that the FOIA at no point defines the phrase "compelling public interest" as used in the final prong of the A.C.A. § 25-19-105(c)(1) *Page 4 
test. However, two leading commentators on the FOIA, referring to this office's opinions on this issue, have offered the following guidelines:
 [I]t seems that the following factors should be considered in determining whether a compelling public interest is present: (1) the nature of the infraction that led to suspension or termination, with particular concern as to whether violations of the public trust or gross incompetence are involved; (2) the existence of a public controversy related to the agency and its employees; and (3) the employee's position within the agency. In short, a general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present. However, a link between a given public controversy, an agency associated with the controversy in a specific way, and an employee within the agency who commits a serious breach of public trust should be sufficient to satisfy the "compelling public interest" requirement.
Although the records reflect the nature of the infraction, I have not been provided with any facts as to the existence of a public controversy surrounding the events in question, or as to the employee's relative rank within the applicable city department. I thus cannot fully evaluate whether this prong of the test has been met. The custodian of the records, acting with your advice, must weigh the above factors in making the determination as to whether a compelling public interest exists in the release of the records in question. To the extent the custodian has considered the issue and determined that there is a "compelling public interest" in disclosure based upon the surrounding facts, I cannot opine, in the absence of any additional facts, and in light of the nature of the infraction, that this determination is inconsistent with the FOIA.
A couple of final points must be mentioned. As I recently discussed in Op. Att'y Gen. 2008-044, certain redactions may be necessary where employee evaluation or job performance records of one employee also constitute either job performance records or "personnel records" of other employees mentioned in the records. It appears from a review of the records you have enclosed that the primary incident that led to the suspension of the employee in question was witnessed by another employee, whose job actions are recounted in at least some of the documents. The records do not reflect that this employee was in any way disciplined for the actions at issue. Even though the test for release of employee evaluation or job performance records may well have been met in the case of the employee who was suspended, I concluded in Op. Att'y Gen. 2008-044 that: *Page 5 
 It must be recognized, however, that the test has not been met with respect to the records as they pertain to those employees who were not disciplined, because there was no suspension or termination as to such employees. Suspension or termination is a threshold requirement for the release of records under subsection 25-19-105(c)(1). Because the internal investigation records likely constitute job performance records of all the employees involved in the incident(s), the release of the records as they pertain to those who were not disciplined would appear to be contrary to A.C.A. § 25-19-105(c)(1).
Id. at 6. I thus concluded that "[a]ccordingly, the names of employees who were not disciplined, but who were included in the investigation, should be deleted based on A.C.A. § 25-19-105(c)(1), prior to releasing the investigation records." It does not appear that the second employee mentioned in connection with the incident in question was a subject of any inquiry or investigation in this regard. Nonetheless, some of the records describe and detail the actions of this employee on the job. They may therefore constitute the "employee evaluation or job performance records" of the second employee. In my opinion, therefore, consistent with Op. Att'y Gen. 2008-044, the name of this employee should be redacted from any "employee evaluation or job performance records" related to that employee.
Additionally, some of the records mention other employees without describing their job performance. I noted in Op. Att'y Gen. 2008-044
that where records "mention employees . . . who were not the subject of the investigation" ". . . the records may also be the employees' `personnel records,' in addition to being the `evaluation or job performance records' of the employees involved in the incident(s) who were the subject of the investigation." Id. at 8. Under the FOIA, "personnel records" are exempt from disclosure to the extent that their release would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12). I thus concluded that if the custodian, in applying the A.C.A. § 25-19-105(b)(12) balancing test, determines that release of the records would constitute a clearly unwarranted invasion of privacy as to the employees who are mentioned but who were not the subject of the investigation, the records should nevertheless be disclosed after redacting such employees' names.Id. at 8, citing Ops. Att'y Gen. 2007-206; 2002-237; 2002-055.
In this regard, several of the records refer to certain remarks made about other departmental employees. The release of these documents could give rise to a "clearly unwarranted invasion of privacy" as to the employees who were the subject of the remarks. The custodian must therefore apply the A.C.A. § 25-19-105 (b)(12) *Page 6 
balancing test to determine whether the names of these employees should be redacted. In my opinion the nature of the remarks made may give rise to such an invasion under A.C.A. § 25-19-105(b)(12).
Additionally, in at least one record, the name of a citizen is apparently not an employee of the city is mentioned in the records.See March 5 "To Whom it May Concern" letter prepared by the supervisor regarding the employee's appeal to the City Council. As noted in Op. Att'y Gen 2008-044, this citizen could possibly have a constitutional privacy interest in such reference. The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the FOIA, at least with regard to the release of documents containing constitutionally protectable information. See McCambridge v. City of Little Rock, 298 Ark. 219,766 S.W.2d 909 (1989). The McCambridge court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed. It has been stated that:
 Only information that is extremely personal in nature is likely to satisfy the third prong of the McCambridge test. As the U.S. Court of Appeals for the Eighth Circuit has observed, the constitutional right to privacy extends "only to highly personal matters representing the most intimate aspects of human affairs." The information must be such that its disclosure would be "either a shocking degradation or an egregious humiliation of [the individual] to further some specific state interest, or a flagrant bre[a]ch of a pledge of confidentiality which was instrumental in obtaining the personal information."
Watkins Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT, at 243-244 (footnotes omitted), quoting Eagle v. Morgan, 88 F.3d 620 (8th Cir. 1996); Alexander v. Peffer, 993 F.2d 1348 (8th Cir. 1993); citing Sheetsv. Salt Lake County, 45 F.3d 1383 (10th Cir. 1995); and Walls v. City ofPetersberg, 895 F.2d 188 (4th Cir. 1990).
The question of whether information is protectable under the constitutional right of privacy is one of fact that must be determined in the first instance by the custodian of the records, on the basis of the facts of the case. If the custodian of the records determines factually that the records contain constitutionally protectable information (i.e., information that meets the three prongs of the test laid out by the McCambridge court), the custodian must then consider whether the governmental interest in disclosure under the FOIA (i.e., the public's legitimate interest in the matter) *Page 7 
outweighs the privacy interest in their nondisclosure. Again, this determination will be a factual one, based upon the information available to the custodian. If it is determined factually that the privacy interest prevails, the name of this non-employee should be redacted before the records are released.
As a final matter, I must note that at least two of the documents toward the end of the second group of records contain the employee's social security number. In my opinion, this number must be redacted prior to releasing the records. See e.g., Ops. Att'y Gen. 2007-025; 98-306; and 97-189 (stating that social security numbers are properly redacted from employee evaluation or job performance records, citing federal law). Otherwise, assuming the above factual conclusions and possible redactions, in my opinion the custodian's decision is consistent with the FOIA.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Some of the records and/or attachments do not constitute "employee evaluation or job performance records" and are subject to no applicable exemption. For example, some of the records consist of copies of city policies. These documents are not in my opinion "employee evaluation or job performance records," but are, rather simple public records, subject to no exemption. See e.g., Op. Att'y Gen. 2002-210; 2001-142; and 97-063.